

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CIT Bank, N.A.

    Plaintiff,

v.

Eduardo Tineo, et al.,

    Defendants.

**ORDER**

17-cv-5119

**Parties:**

For Plaintiffs

For Defendant

**Appearances:**

Andrew Lawrence Jacobson
Windels Marx Lane & Mittendorf
156 West 56th Street
New York, NY 10019
212-237-1005
Fax: 212-262-1212
Email: ajacobson@windelsmarx.com

**Sean Kevin Monahan**
Windels Marx Lane & Mittendorf
156 West 56th Street
New York, NY 10019
212-237-1220
Fax: 212-262-1215
Email: smonahan@windelmarx.com

Eduardo Tineo
1475 East 84th Street
Brooklyn, NY 11236
646-620-1781
PRO SE


**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ........................................................................................................... 2
II. Facts ..................................................................................................................... 3
III. Procedural History ............................................................................................... 4
IV. Legal Standard ..................................................................................................... 5
   A. Summary Judgment ......................................................................................... 5
   B. Default Judgment ............................................................................................. 6
V. Application of Law to Facts ................................................................................. 6
   C. New York State Foreclosure ............................................................................ 6
      1. Plaintiff's *Prima Facie* Case ......................................................................... 6
   D. Affirmative Defenses ....................................................................................... 8
      1. Standing ........................................................................................................ 8
      2. Cause of Action ............................................................................................ 9
      3. Service of Process ........................................................................................ 9
      4. Real Estate Settlement Procedure Act Early Intervention Requirement ..... 10
      5. Request for Judicial Intervention ................................................................ 11
   E. Default Judgment ........................................................................................... 11
VI. Conclusion ......................................................................................................... 13

**I. Introduction**

CIT Bank, N.A. ("Plaintiff") brought this diversity action in August 2017 to foreclose on a $586,000 mortgage secured by residential property located at 1475 East 84th Street, Brooklyn, New York, naming as defendants Eduardo Tineo ("Defendant"), who was the mortgagor who had received the loan secured by the mortgage; the New York City Department of Finance Parking Violations Bureau; New York City Environmental Control Board and New York City Transition Adjudication Bureau (collectively "City"). *See* Compl., ECF No. 1. The City was a stand-in for all other possible claimants, of which there were none.

All defendants were served with both the complaint and summons. *See* Summons, ECF Nos. 6-9. Only Tineo, proceeding *pro se*, answered or otherwise defended against the action. *See* Answer by Eduardo Tineo, ECF No. 10 ("Tineo Ans."). Tineo raised several affirmative defenses, among them that plaintiff lacks standing. *Id.* In July 2018 a Certificate of Default was issued against City Defendants. *See* Clerk's Entry of Default, ECF No. 18 ("Default").

Pending before the court is a motion filed by plaintiff in November 2018, seeking (1) summary judgment against Tineo; (2) appointment of a Special Master to compute all accrued interest and charges and effectuate a sale of the Property and to disburse funds from such sale; and (3) a default judgment against City Defendants. *See* Mot. for Summ. J. at 5-6, ECF No. 20.

For the reasons set forth below, summary judgment against Tineo on all his claims, and a default judgment against City Defendants is granted.

## II. Facts

Plaintiff is a national banking association with its principal place of business in Pasadena, California. Compl. ¶ 2, ECF No. 1. Defendant Eduardo Tineo is a resident of New York State and the owner of residential property located at 1475 East 84th Street, Brooklyn, New York ("Property") that is the subject of this suit. *Id.* ¶ 4.

On October 31, 2007, Tineo executed a 30-year, 7.75 percent mortgage and Note that encumbers the Property. Under it, he obtained $586,000 from IndyMac Bank, F.S.B ("IndyMac"). *Id.* ¶ 14. The loan was held by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IndyMac. *Id.* ¶ 15. Defendant was required by the terms of the Note to pay a total of $586,000, with interest, in installments due on the first day of each month, beginning on December 1, 2007. Mot. Summ. J. Ex. 1, ECF No. 20-7.

In 2012, the Note and Mortgage were assigned to OneWest Bank, F.S.B. Compl. ¶ 18, ECF No. 1. In 2014, OneWest Bank, F.S.B., then a federal savings bank, changed its charter to

become a national banking association and its name to OneWest Bank, N.A. Mot. Summ. J. Mot., ¶ 8, ECF No. 20. The following year, OneWest Bank, N.A.'s parent company was acquired by CIT Group, Inc. OneWest Bank, N.A. survives as an entity, now known as CIT Bank, N.A.—plaintiff's current name. *Id.* ¶ 9.

It is alleged by plaintiff that Tineo ceased making mortgage payments as of December 1, 2016 and has been in default since. *See* Compl. ¶ 26, ECF No.1. Default is defined by the terms of the Note as failing to make the full monthly payment on the due date. *Id.* ¶ 22.

On March 8, 2017, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1304, Tineo was sent a "Default Notice", which warned that he was in default, that he had ninety days from the date on which the notice was sent to make payment, and that the loan would be accelerated if he failed to pay by the deadline. *Id.* ¶¶ 27-29. Tineo failed to make any payments. *Id.* ¶ 31.

### III. Procedural History

As noted above, plaintiff commenced this action on the basis of diversity jurisdiction against Eduardo Tineo on August 30, 2017, seeking foreclosure, on and sale of, the mortgaged property. *Id* at ¶¶ 1-3, 9. Plaintiff also named as defendants the New York City Department of Finance Parking Violations Bureau, New York City Environmental Control Board, New York City Transition Adjudication Bureau as persons who "[have] or may claim to have a lien against the Property for judgments ... which are subordinate to Plaintiff's interest in the property." *Id.* ¶¶ 5-8. On September 12, 2017 plaintiff served the Summons and Complaint on Kyle Jones, a person of suitable age and discretion residing at 1475 East 84th Street, Brooklyn, New York 11236, Tineo's residence. *See* Summons, ECF No. 9.

Tineo answered on September 25, 2017. He asserted, without any factual support or explanation, the following affirmative defenses: (1) lack of standing; (2) failure to state a cause

4

of action; (3) improper service of complaint and summons; (4) failure to comply with the Real Estate Settlement Procedures Act early intervention requirement; and (5) failure to file a request for judicial intervention. *See* Tineo Ans., ECF No. 10. Meanwhile, he was occupying the property without payment on the mortgage.

City Defendants have not appeared. In July 2018 a Certificate of Default was issued against them by the Clerk of the Court. *See* Default, ECF No. 18. By papers dated November 5, 2018, CIT Bank changed counsel. *See* Notice of Change of Firm Affiliation and Address, ECF No. 19. The instant motion was filed one day later. *See* Mot. Summ. J., ECF No. 20.

Plaintiff seeks: (1) summary judgment against Tineo; (2) appointment of a Special Master to compute all accrued interest and charges and effectuate a sale of the Property and to disburse funds from such sale; and (3) a default judgment against City Defendants. *See Id.*

## IV. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The relevant governing law in each case determines which facts are material; '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bank of Am., N.A. v. Fischer*, 927 F. Supp. 2d 15, 25 (E.D.N.Y. 2013) (citing *Anderson*, 477 U.S. at 248).

An unopposed summary judgment motion may be granted if the district court has analyzed the moving papers and determined that the movant has satisfied its burden of demonstrating that there are no issues of material fact—as it has in the present case. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[W]here the non-

moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issues of fact remains for trial.'") (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

"No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor." *Id.* Here, based on the evidence, no rational jury could find in the non-movant's favor, making summary judgment in favor of plaintiff appropriate.

### B. Default Judgment

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"), which sets out a two-step process. *See* Fed. R. Civ. P. 55. First, a certificate of default must be acquired by the movant from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). If a certificate of default is issued against the non-movant, the movant applies for entry of a default judgment.

Nevertheless, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No.13-cv-4358, 2014 WL 2169769, at *3, 2014 U.S. Dist. LEXIS 71289, at *11 (E.D.N.Y. May 23, 2014) (citations omitted). Whether plaintiff's allegations prove liability as a matter of law must be established by the district court based on the evidence. *Gunawan v. Sake Sushi Rest.*, 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012).

## V. Application of Law to Facts

### C. New York State Foreclosure

#### 1. Plaintiff's *Prima Facie* Case

6

In a foreclosure action under New York law, a plaintiff establishes a *prima facie* entitlement to summary judgment by producing (1) the Note and Mortgage; (2) proof of the mortgagor's default on payments due under the Note; and (3) notice to the debtor of default. *See Builders Bank v. Charm Devs. II, LLC*, Nos. 09-cv-3935 & 09-cv-4410, 2010, WL 3463142, at *2 (E.D.N.Y. Aug. 20, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court with proof that the Mortgagor has failed to make payments due under the Note." (quotation omitted)). If these elements are established, plaintiff gains a presumptive right to collect on the debt that can only be overcome by a meritorious affirmative defense. *See CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016).

Tineo does not dispute allegations surrounding his loan obligation. *See* Tineo Ans., ECF No. 20. Rule 8 of the FRCP provides: "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). At Paragraph 4 of the Complaint, it is alleged by plaintiff that Tineo is "the original obligor on the subject loan," Compl. ¶ 4, ECF No. 1; Paragraphs 27-28, that Tineo received 30-day and 90-Day Notices of Default; and at paragraph 31 that the "defaults continue through the date of this Complaint, unabated." *Id.* ¶¶ 27-28, 31.

Though in the Answer Tineo challenges specific issues about other alleged facts in the Complaint, he does not deny that he has the debt obligation at issue, that he has defaulted on that obligation, and that CIT Bank provided timely notice of that default. *See* Tineo Ans., ECF No. 10. It can be assumed these allegations against Tineo are true.

CIT Bank has produced, in admissible form, evidence establishing a *prima facie* foreclosure claim. It has presented evidence demonstrating: (1) that Tineo executed the Note and

Mortgage on October 31, 2007, *See* CIT Bank Affidavit at ¶¶4-5, ECF No. 20-6 (CIT Bank Aff.); (2) Tineo defaulted on that obligation, *See* Tineo Default, ECF No. 20-15; and the (3) "Default Notice" was sent to Tineo informing him of the default. *See* Notice of Default, ECF No. 16. These records are authenticated by CIT Bank by the affidavit of Tenisa Brooks, assistant secretary of LoanCare, LLC, servicer for CIT Bank. The maintenance and review of business records related to the Mortgage and Note are part of her job duties. *See* CIT Bank Aff., ECF No. 20-6; Fed. R. Evid. 803(6).

Since there are no "disputed material facts that question the existence of these elements," the only remaining issue is whether a showing sufficient to overcome plaintiff's right to foreclose was made by Tineo. *See One West Bank, FSB v. Lynch*, No. 14-CV-158(JG) 2014 WL 5471009, at *3 (E.D.N.Y. Oct. 28, 2014); *See also Builders Bank*, 2010 WL 3463142, at *3̶2̲ ("Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists."). No such showing has been made.

### D. Affirmative Defenses

Because CIT Bank has proved its *prima facie* case, the burden shifts to Tineo to demonstrate that there is a triable issue of fact with respect to the merits. Tineo's answer raises five affirmative defenses. *See* Tineo Ans, ECF No. 10. Each is addressed in turn.

#### 1. Standing

"Under New York law, a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016). As a first affirmative defense Tineo alleges without factual support that CIT Bank lacks standing to bring this action because it was not the owner of the Note and Mortgage at time the suit commenced. *See* Tineo Ans., ECF No. 10.

This claim is contradicted by the record. Plaintiff presented evidence demonstrating a clear chain of assignment from the originator of the Mortgage; it also took physical possession of the original note before the present suit commenced. *See* CIT Bank Loan Assignment, ECF No.2, Ex. A-B ("Loan Assignment")

While it was conceded by the parties that possession of the Note recently changed hands, plaintiff's standing is not compromised by this development. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) ("under New York law, a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.") (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)).

Under New York law, the chain of assignment described above is enough to show delivery of the Note and standing. *See OneWest Bank, N.A. v. Melina*, No. 14-cv-5290, 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015), *aff'd*, 827 F.3d 214 (2d Cir. 2016) (citing *Kondaur Capital Corp. v. McCary*, 115 A.D.3d 649, 650 (2d Dep't 2014) ("The plaintiff also established that it had standing as the holder of the note and mortgage by submitting the written mortgage assignments and the affidavit of the plaintiff's president, which established that it had physical possession of the note prior to commencement of this action.").

Defendant has provided no evidence from which a jury could reasonably conclude that plaintiff was not the owner of the Note and Mortgage. The standing argument fails.

**2. Cause of Action**

It is alleged by Tineo, operating on the belief that plaintiff does not own the Note, that "because ownership of the note and mortgage is an element of a foreclosure cause of action, plaintiff has no right to foreclose." Tineo Ans., ECF No. 10. This argument is without merit,

9

since, as already noted, the undisputed facts demonstrate that plaintiff obtained legal ownership of the Note before the suit was commenced.

### 3. Service of Process

Tineo's next affirmative defense is that the complaint was not properly served. *See* Tineo Ans., ECF No. 10. Tineo does not provide evidentiary support for this defense in his answer, nor is it supported by the record. FRCP 4(m)(2)(B) provides: an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resided there." Fed. R. Civ. Pro. 4(m)(2)(B).

Plaintiff's documentary evidence demonstrate Tineo was served in compliance with the FRCP. On September 12, 2017, Tineo was served a copy of the Summons, Complaint, Civil Cover Sheet, and Certificate of Merit when a process server hand-delivered a copy of the Pleadings to a person of suitable age and discretion at his home, 1475 East 84th Street, Brooklyn, NY 11236. On September 19, 2017 a copy of the Pleadings was mailed to the same address, Aff. of Service, ECF 20-3, which Tineo confirmed in his answer was his residence. Accordingly, plaintiff properly effected service of process on Tineo.

### 4. Real Estate Settlement Procedure Act Early Intervention Requirement

Also unavailing is Tineo's affirmative defense that CIT Bank failed to comply with the Real Estate Settlement Procedures Act (RESPA) 12 C.F.R. Section 1024.39. *See* Tineo Ans., ECF No. 10. RESPA was enacted by Congress to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. Section 2601(a). 12

C.F.R. Section 1024.39 establishes the regulatory scheme for early intervention for defaulting borrowers.

As an initial matter, the record is replete with evidence that CIT Bank made a good faith effort to establish live contact with Tineo within 36 days of his default, pursuant to 12 C.F.R. Section 1024.39. Under New York law this statutory condition precedent is not a valid defense to a mortgage foreclosure action. *Fed. Nat'l Mortg. Ass'n v. Karastamatis*, 52 Misc. 3d 1007, 1009 (N.Y. Sup. Ct., Suffolk Cnty. June 20, 2016) ("While regulatory provisions, particularly those referred to as a Regulation X, obligate some mortgage foreclosure plaintiffs to confirm to review standards…they do not provide a defendant mortgagor with any viable defense to a New York mortgage foreclosure action…"). Defendant's RESPA claim lacks merit.

### 5. Request for Judicial Intervention

Tineo asserts as a fifth affirmative defense that CIT Bank failed to file a Request for Judicial Intervention (RJI), in violation of New York Codes, Rules and Regulations Title 22, Section 202.12-a(b). *See* Tineo Ans., ECF No. 10. Under the New York State Court rule, "at the time that proof of service of the summons and complaint is filed with the county clerk, plaintiff shall file with the county clerk a specialized request for judicial intervention (RJI), on a form prescribed by the Chief Administrator of the Courts." N.Y. Comp. Codes R. & Regs. tit. 22, § 202.12a(b)(1).

Tineo provides no case law supporting the suggestion that this statute applies to cases commenced in federal court, *See* Tineo Ans., ECF No. 10, and the court's research reveals none. This argument is rejected as without merit.

### E. Default Judgment

Plaintiff also moves for entry of a default judgment against the New York City Department of Finance Parking Violations Bureau, New York City Environmental Control

Board, and New York City Transition Adjudication Bureau. *See* Mot. Summ. J. ¶ 2, ECF No 20. The defaults of these defendants were entered by the Clerk of the Court on July 27, 2018. *See* Default, ECF No.18. The City Defendants were included in this action because each may have an interest in the mortgaged property as a judgment creditor; *see* Compl. ¶¶ 5-7, ECF No. 1; plaintiff believes its interest as the holder of the Note and mortgage is superior to the City Defendants'. *Id.* ¶ 8.

"Under Rule 55(b) default judgment should be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). In the specific context of a foreclosure, "[c]ourts regularly enter default judgment in foreclosure actions against defendants with 'nominal interests' in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest." *O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *9 (quoting *Nationstar Mort. LLC v. Garcia*, No.15-cv-1854, 2015 U.S. Dist. LEXIS 176801, at *8-*9 (E.D.N.Y. Oct. 19, 2015) (citations omitted)).

Here, the Complaint contains well-pleaded allegations of nominal liability—*i.e.*, that any judgments City Defendants may have against Tineo through liens against the Property are subordinate to CIT Bank's mortgage. Compl. ¶ 8, ECF No. 1. Additionally, plaintiff has filed affidavits substantiating proper service of the Complaint, the Request for a Certificate of Default, and the present motion seeking a default judgment. *See* Complaint, Default, and Mot. Summ. J., ECF Nos. 1, 17, and 20. Despite the filing of these papers by plaintiff, none of the City Defendants has moved to challenge the claims or otherwise appeared in the action. The pleadings coupled with the record evidence detailed above regarding the propriety of Note and Mortgage establishes CIT Bank's right to a default judgment against City Defendants.

12

A default judgment has been entered against the New York City Department of Finance Parking Violations Bureau, New York City Environmental Control Board, and New York City Transition Adjudication Bureau.

## VI. Conclusion

Plaintiff's motion for summary judgment against Tineo and default judgment with respect to City Defendants is granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 5, 2019
       Brooklyn, New York