UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CIT BANK, N.A.,

                Plaintiff,

   -against-

EDUARDO TINEO *et al.*,

                Defendants.
----------------------------------------------------X

O R D E R

17 CV 5119 (PKC)(RML)

LEVY, United States Magistrate Judge:

        By order dated January 8, 2020, the Honorable Jack B. Weinstein, Senior United States District Judge, referred plaintiff's motion for computation of damages to me for report and recommendation.[1] Having reviewed plaintiff's submission, filed on February 13, 2020, I find that additional documentation is needed. Specifically, plaintiff is directed to provide the court with further documentation substantiating the alleged outstanding principal balance, accrued interest amount, and late charges.

        Plaintiff submitted the affidavit of Joshua Baxley, the Foreclosure Manager of Selene Finance, LLP, setting forth the amount of damages due under the Note and Mortgage. (*See* Affidavit of Amount Due, dated Feb. 12, 2020 ("Baxley Aff."), Dkt. No. 40-1.) Attached to the affidavit are copies of the Note, the Mortgage, and the Modified Loan Agreement, a pay-off document compiled by Selene Finance, LLP, and an "Escrow/Corporate Breakdown" document. (*See* id.) However, these documents do not allow me to verify plaintiff's calculations as to the owed principal, interest, or late charges.

---

[1] This case has since been reassigned to the Honorable Pamela K. Chen, United States District Judge.

To support the claimed $667,841.53 in unpaid principal and the $72,161.10 in accrued interest, Mr. Baxley cites to the pay-off statement. (See Baxley Aff. ¶¶ 10, 12, Ex. 6.) The statement lists a payment history, a debt breakdown, and payment information, including the interest rate and the per diem amount. (See id.) Yet, when I attempt to use this information to verify plaintiff's calculations, I am unable to come to the same figures for the unpaid principal and accrued interest.

Similarly, to support the claimed $416.80 in late charges, Mr. Baxley cites to the "Escrow/Corporate Breakdown" document. (See Baxley Aff. ¶ 19, Ex. 7.) The document provides a chart of fourteen late charges. But, when I attempt to use the chart to verify plaintiff's calculation for late charges, I cannot come to the same figure.

Absent a more detailed explanation of how plaintiff arrived at its figures, the pay-off statement and the "Escrow/Corporate Breakdown" do not permit the court to verify plaintiff's calculations as to outstanding principal, interest, and late charges. See Happy Homes, LLC v. Jenerette-Snead, No. 15 CV 1788, 2016 WL 6599826, at *4 (E.D.N.Y. 2016) ("[The court] cannot simply rely on the plaintiff's statement to determine damages on a default judgment."). Accordingly, plaintiff is instructed to file a submission with additional documentation as to the above issues on or before January 11, 2021. Defendant may file and serve any opposition on or before January 18, 2021. Plaintiff's failure to file this submission will result in a

3

recommendation that no relief be awarded with respect to the outstanding principal, interest, and late charges.

    SO ORDERED.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
      January 4, 2021