UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CIT BANK, N.A.,

                Plaintiff,                          REPORT AND
                                                                                                                                RECOMMENDATION
   -against-                                     17 CV 5119 (PKC)(RML)

EDUARDO TINEO, *et al.*,

                Defendants.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated January 8, 2020, the Honorable Jack B. Weinstein, United States District Judge, referred plaintiff's motion for computation of damages to me for report and recommendation. On August 17, 2020, this case was reassigned to the Honorable Pamela K. Chen, United States District Judge, for all further proceedings. For the reasons stated below, I respectfully recommend that plaintiff's requested award be granted.

**BACKGROUND AND FACTS**

        This court will assume familiarity with the facts and underlying proceedings as detailed in Judge Weinstein's Memorandum and Order dated December 13, 2019. (See Memorandum and Order Granting Plaintiff's Motion for Summary Judgment, dated Dec. 13, 2019 ("Summary Judgment Order"), Dkt. No. 32.) Accordingly, I will only recount the proceedings subsequent to the grant of summary judgment.

        On December 13, 2019, Judge Weinstein granted summary judgment for plaintiff CIT Bank, N.A. ("plaintiff"), finding, based on the undisputed facts, that defendant Eduardo Tineo ("defendant") had defaulted on the Note and Mortgage at issue on December 1, 2016. (See id. at 4, 6-11.) Additionally, the court found that the pleadings and the record evidence regarding the propriety of the Note and Mortgage established plaintiff's right to a default

judgment against the New York City Department of Finance Parking Violations Bureau, the New York City Environmental Control Board, and the New York City Transit Adjudication Bureau. (See id. at 11-13.)

On December 23, 2019, plaintiff filed a letter requesting that a special master be appointed to calculate the amount defendant owed. (See Letter Motion for Appointment of Special Master, dated Dec. 23, 2019, Dkt. No. 34.) On January 8, 2020, Judge Weinstein entered an order acknowledging plaintiff's letter motion, finding that the cost of a special master should be avoided, and referring the matter to me for report and recommendation.

On February 13, 2020, plaintiff filed an affidavit and accompanying exhibits in support of the amount claimed in damages. (See Affidavit of Joshua Baxley, sworn to Feb. 12, 2020 ("Baxley Aff."), Dkt. No. 40-1.) Since then, this court has attempted to hold a conference with both parties to discuss the matter, but defendant has failed to appear. (See Scheduling Order, dated Aug. 5, 2020; Minute Entry, dated Aug. 13, 2020; Order, dated Aug. 14, 2020.) Based on plaintiff's status report filed on August 21, 2020, and absent a response from defendant, this court decided to proceed to issue a Report and Recommendation on the amount owed based on plaintiff's affidavit and supporting documents. (See Status Report, dated Aug. 19, 2020, Dkt. No. 43.)

After reviewing plaintiff's submission, I ordered plaintiff to provide additional documentation substantiating the alleged outstanding principal balance, accrued interest amount, and late charges. (Order, dated Jan. 4, 2021, Dkt. No. 45.) Plaintiff subsequently filed an affidavit and accompanying exhibits that outlined and explained in more detail their damages calculations. (See Affidavit of Jessica Edwards, sworn to Jan. 12, 2021 ("Edwards Aff."), Dkt.

No 47.)  Defendant submitted an objection but did not address the computation of damages.  (See Affidavit of Eduardo Tineo, sworn to Jan. 14, 2021, Dkt. No. 49.)

### DISCUSSION

Pursuant to section 1321 of New York's Real Property Actions and Proceedings Law, this court has the authority to compute the amount owed to plaintiff.  N.Y. REAL PROP. ACTS. LAW § 1321 (McKinney).  It is not necessary for this court to hold an evidentiary hearing on damages when there is an otherwise adequate basis for the award.  U.S. Bank Trust, N.A. v. Dingman, No. 16 CV 1384, 2016 WL 6902480, at *4 n.8 (S.D.N.Y. Nov. 22, 2016).  Detailed affidavits and other documentary evidence can be a sufficient basis to compute damages.  Onewest Bank, N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *3 (E.D.N.Y. July 17, 2015); E. Sav. Bank, FSB v. Beach, No. 13 CV 341, 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff has provided an affidavit of Joshua Baxley, the Foreclosure Manager of plaintiff's servicer, Selene Finance, LLP, setting forth the amount of damages due under the Note and Mortgage.  (See Baxley Aff.)  Annexed as exhibits to the Baxley Affidavit, plaintiff also provided copies of the Note, Mortgage, and Modified Loan Agreement, a pay-off document compiled by Selene Finance, LLP, and an "Escrow/Corporate Breakdown" document.  (See id., Exs. 2-4, 6.)  Based on these documents, plaintiff seeks $777,052.07 in damages.  (Baxley Aff. ¶ 20.)  This accounts for: (1) $667,841.53 in unpaid principal, (2) $72,167.10 in unpaid accrued interest, (3) $870 in recoverable costs, (4) $35,756.64 in escrow advances, and (5) $416.80 in

late charges. (Id. ¶¶ 10, 12, 14, 17, 19.)[1] In response to this court's order and in further support of their damages calculations, plaintiff submitted an additional affidavit from Jessica Edwards, the Contested Default Case Manager of Selene Finance, LLP. (See Edwards Aff.)

1. Unpaid Principal

Plaintiff seeks $667,841.53 in unpaid principal. (Baxley Aff. ¶ 10.) Pursuant to the terms of the Note, modified by the Loan Modification Agreement as of May 1, 2016, defendant promised to pay $672,386.63 in principal. (See Loan Modification Agreement, annexed as Ex. 4 to the Baxley Aff., Dkt. No. 40-1, at 49.) The Note, incorporated by the Loan Modification Agreement, provides that defendant may be required to "pay immediately the full amount of Principal which has not been paid and all the interest that [defendant] owe[s] on the amount" if defendant "do[es] not pay the full amount of each monthly payment on the date it is due." (Note, annexed as Ex. 2 to the Baxley Aff., at 14, §§ 7(B)-(C).) Plaintiff has been in default since December 1, 2016. (See Summary Judgment Order at 4, 7-8.) Thus, under the terms of the Note, he is responsible for the remaining unpaid principal.

To support the claimed $667,841.53 in unpaid principal, Baxley's affidavit cites a pay-off statement compiled by Selene Finance, LLP. (See Pay-off Statement, annexed as Ex. 6 to the Baxley Aff., Dkt. No. 40-1, at 78.) The pay-off statement lists the unpaid principal balance amount as $667,841.53. (Id.) Edwards' affidavit explains this figure was calculated by subtracting the payments made, a total of $4,545.10, from the initial principal balance. (See

---

[1] Plaintiff is only seeking a calculation of the amount owed by defendant. (See Letter Motion for Appointment of Special Master, dated Dec. 23, 2019, Dkt. No. 34; Letter by CIT Bank, dated Feb. 13, 2020, Dkt. No. 40.) Plaintiff has not sought an order authorizing the foreclosure of the Mortgage or the designation of a referee to conduct the sale of the property to recoup the unpaid principal and interest. (See id.) Additionally, plaintiff has indicated that it intends to request attorney's fees and costs separately. (See Baxley Aff. ¶¶ 9, 14.)

Edwards Aff. ¶ 6.) I find that plaintiff's calculations and accompanying submissions are complete and accurate, and I respectfully recommend that plaintiff be awarded $667,841.53 in unpaid principal.

2. Interest

Plaintiff seeks $72,167.10 for the interest that accrued from November 1, 2016 to December 24, 2019. (See Baxley Aff. ¶ 12.) At the time of default, the interest rate under the Modified Loan Agreement was 3.5 percent. (Id.; see also Loan Modification Agreement § 3(C).) Plaintiff calculated the accrued monthly interest to be $1,947.87 and the per diem amount to be $61.58. (See Edwards Aff. ¶ 9; see also Pay-off Statement at 2.) Plaintiff arrived at the amount of interest owed by totaling the thirty-seven months of interest that accrued between November 1, 2016 and November 30, 2019 plus the twenty-four days of interest that accrued between December 1, 2019 and December 24, 2019.[2] (Edwards Aff. ¶¶ 8-9.) Based on these calculations, the amount of interest due is $73,549.11; however, plaintiff has elected not to seek the full amount. (Id. ¶ 9.) I find plaintiff's interest calculations to be complete and accurate. Accordingly, I respectfully recommend plaintiff be awarded the requested $72,167.10 in interest.

3. Recoverable Costs

Plaintiff also seeks $870 in recoverable costs. (Baxley Aff. ¶ 14.) Specifically, plaintiff claims $95 for appraisal costs, $379 for property registration costs, and $396 for inspection costs. (Id. ¶ 15; see also Escrow/Corporate Breakdown Records, annexed as Ex. 7 to the Baxley Aff., Dkt. No. 40-1, at 82-84.) Plaintiff has not directed this court to a specific clause in the Note, Mortgage, or Modified Loan Agreement to support these claimed expenditures.

---

[2] I have corrected the end date from November 31, 2019 to November 30, 2019. This typo does not affect the calculations because the interest from November 1, 2016 to November 30, 2019 is calculated on a monthly basis.

However, under the Note, which is incorporated by the Modified Loan Agreement, if defendant defaults, plaintiff is entitled to recover "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law." (Note § 7(E).) Other courts in this district have allowed plaintiffs to recover costs for services in connection with a default, such as property inspection and valuation fees. See, e.g., Dietech Fin. LLC v. Ragusa, 19 CV 1714, 2020 WL 6118827, at *4 (E.D.N.Y. Oct. 16, 2020) (awarding costs incurred as a result of default for property inspections); Onewest Bank, N.A. v. Cole, No. 14 CV 03078, 2015 WL 4429014, at *5 (E.D.N.Y. July 17, 2015), report and recommendation adopted, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016) (awarding costs incurred as a result of default for property inspection and valuation fees).

Plaintiff provided an itemized list of recoverable costs in the attached "Escrow/Corporate Breakdown" document. (Escrow/Corporate Breakdown Records at 82-83.) Based on this chart, I calculate the appraisal costs to be $95, the property registration costs to be $379, and the inspection costs to be $396. Accordingly, I respectfully recommend plaintiff be awarded a total of $870 for recoverable costs.

4. Escrow Advances

Plaintiff further seeks $35,756.64 for escrow advances. (Baxley Aff. ¶ 17; see also Escrow/Corporate Breakdown Records.) The Mortgage, incorporated by the Modified Loan Agreement, provides that defendant agrees to pay "all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges" which will be called "Escrow Items." (See Mortgage, annexed as Ex. 3 to the Baxley Aff., Dkt. No. 40-1, at 26; see also Modified Loan Agreement § 4(D).) Plaintiff provides a detailed breakdown of the charges in the "Escrow/Corporate Breakdown" document. (Escrow/Corporate Breakdown Records at 84.)

Upon totaling the itemized city taxes and hazard insurance, I calculate the amount to be the requested $35,756.64. (See id.) Therefore, I respectfully recommend that plaintiff be awarded $35,756.64 for escrow advances.

   5. Late Charges

Finally, plaintiff seeks $416.80 for late charges. (Baxley Aff. ¶ 19.) The Note, incorporated by the Modified Loan Agreement, states that "[i]f Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date is due, [defendant] will pay a late charge to the Note Holder." (Note § 7(A).) Defendant agreed that the "amount of the [late] charge will be 2.0% of [his] overdue payment of interest during the period when [his] payment is interest only, and of principal and interest after that." (Id.) Thus, the late fee is $52.10. (See Edwards Aff. ¶ 11.)

Defendant was charged fourteen late fees between the Modification and commencement of this foreclosure action. (Id.) However, plaintiff elects to only recover the late fees charged prior to the issuance of a default notice on March 8, 2017. (Id.) Plaintiff cites to the "Escrow/Corporate Breakdown" document to establish the amount owed for late charges. (See Escrow/Corporate Breakdown Records.) Based on the chart, I calculate the total late charges prior to March 8, 2017 to be $416.80. (See id.) Therefore, I respectfully recommend that plaintiff be awarded $416.80 in late charges.

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's damages be computed as follows: $667,841.53 in unpaid principal, $72,167.10 in accrued interest, $870 in recoverable costs, $35,756.64 in escrow advances, and $416.80 in late charges, for a total of $777,052.07.  Plaintiff is directed to serve a copy of this report and recommendation on defendant by first-class mail, and to file proof of service on the docket within three days.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Chen and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      March 16, 2021