UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CIT BANK, N.A.,

                Plaintiff,                              REPORT AND
                                                                           RECOMMENDATION

   -against-
                                                                             17 CV 5119 (PKC)(RML)

EDUARDO TINEO, *et al.*,

                Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated August 10, 2021, the Honorable Pamela K. Chen, United States District Judge, referred plaintiff's motion for attorney's fees to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

        I assume familiarity with the underlying facts and proceedings in this matter. On March 16, 2021, I issued a Report and Recommendation computing damages and awarding plaintiff CIT Bank, N.A. ("plaintiff") a total of $777,052.07 in damages. (Report and Recommendation, dated Mar. 16, 2021, Dkt. No. 50.) On June 22, 2021, Judge Chen adopted the Report and Recommendation in its entirety and directed plaintiff to file its motion for attorney's fees by July 22, 2021. (Order Adopting Report and Recommendation, dated June 22, 2021.)

        On July 22, 2021, plaintiff filed a motion for attorney's fees. (Motion for a Judgment of Foreclosure and Sale and Attorney's Fees, dated July 16, 2021 ("Pl.'s Mot."), Dkt. No. 53.) The motion was referred to me for report and recommendation. (Order Referring Motion, dated Aug. 10, 2021.)

**DISCUSSION**

Plaintiff seeks $32,730 in attorney's fees and $1,458 in costs. (Declaration of Sean K. Monahan, Esq., dated July 16, 2018 ("Monahan Decl."), Dkt. No. 53-1, ¶¶ 29, 42.) Under the terms of both the Note and the Mortgage, plaintiff is entitled to recover reasonable attorney's fees and costs. (See Note, attached as Ex. 1 to the Affidavit of Tenisa Brooks, sworn to Oct. 5, 2018 ("Brooks Aff."), Dkt. No. 20-7, ¶ 7(E); Mortgage, attached as Ex. 2 to the Brooks Aff., Dkt. No. 20-8, ¶ 22.)

A. Attorney's Fees

District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records. See Scott v. City of New York, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam); Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, plaintiff seeks to recover $30,530 for incurred attorney's fees and has submitted contemporaneous time records (see Billing Records, attached as Ex. D to the Monahan Decl., Dkt. No. 53-5) and a declaration of its counsel (see Monahan Decl.) in support of its request.

2

The court next assesses whether plaintiff's counsel requests a reasonable hourly rate. A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). The "community" is generally considered to be the district where the court sits. See Arbor Hill, 522 F.3d at 190. Further, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Id. at 184 n.2 (citations omitted).

Plaintiff seeks an award based on the following hourly rates: (i) $475 for Michael Resnikoff, a partner at Bronster, LLP, who was admitted to practice in 1991; (ii) $475 for Andrew Jacobson, a partner at Bronster, LLP, who was admitted to practice in 1992;[1] (iii) $390 for Sean Monahan, an associate who was admitted to practice in 2011;[2] and (iv) $175 for Paul Toscano, a paralegal. (Monahan Decl. ¶¶ 34, 36-39.) I find the hourly rates plaintiff requests to be too high. See, e.g., CIT Bank, N.A. v. Mitchell, No. 17 CV 1969, 2021 WL 54081, at *7 (E.D.N.Y. Jan. 6, 2021) (reducing hourly rates of special counsel from $475 to $375, of senior associate from $390 to $250, and of mid-level associate from $330 to $225); CIT Bank N.A. v.

---

[1] Mr. Jacobson billed 2.10 hours at a reduced rate of $275.00. (See Monahan Decl. ¶ 37.)
[2] Mr. Monahan billed 24.7 hours a reduced rate of $275. (Id. at 38.)

Gordon, No. 17 CV 3972, 2020 WL 4587446, at *3 (E.D.N.Y. May 10, 2020) (recommending reduction of hourly rates of partner from $475 to $375, of senior associate from $390 to $250, and of paralegal from $165 to $90), report and recommendation adopted, 2020 WL 2711420 (E.D.N.Y. May 26, 2020). Accordingly, I respectfully recommend reducing the hourly rates as follows: (i) $375 for Michael Resnikoff and Andrew Jacobson; (ii) $250 for Sean Monahan; and (iii) $90 for Paul Toscano.

The court next looks to the reasonableness of the hours billed. To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). The court may exclude those hours that it finds excessive, redundant, or otherwise unnecessary. See Gordon v. Site 16/17 Dev., LLC, No. 11 CV 427, 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011). In lieu of an itemized reduction, the court may make an across-the-board percentage reduction. See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

Plaintiff seeks compensation for 99.5 hours of work on this matter. (Monahan Decl. ¶ 40; see also Billing Records.) However, of those 99.5 hours worked, plaintiff's counsel only charged plaintiff for 74.3 hours: Mr. Resnikoff billed 0.4 hours, Mr. Jacobson billed 4.7 hours, Mr. Monahan billed 71.7 hours, and Mr. Toscano billed 2.6 hours. (See Monahan Decl. ¶¶ 25-38.) Having reviewed the invoices submitted by plaintiff's counsel, I do not find the

4

expenditures of time to be unnecessary or duplicative. Therefore, I find 74.3 hours to be reasonable and further find the hours expended by each individual attorney and paralegal to be reasonable.

Multiplying the adjusted hourly rates set forth above by the hours expended by each attorney and paralegal, I calculate the presumptively reasonable fee for each attorney and paralegal as follows:

| Name | Adjusted Hourly Rate | Hours Expended | Presumptively Reasonable Fee |
|---|---|---|---|
| Michael Resnikoff | $375 | 0.5 | $187.50 |
| Andrew Jacobson | $375, $275 | 4.7 | $1,552.50[3] |
| Sean Monahan | $250 | 71.7 | $17,925 |
| Paul Toscano | $90 | 2.6 | $234 |

Based on these presumptively reasonable fees, I respectfully recommend awarding plaintiff $19,899 in incurred attorney's fees.

Plaintiff also seeks an additional $2,200 in anticipated fees for "necessary legal services to be rendered by Bronster after this motion is decided, and judgment of foreclosure and sale is entered . . .based upon the flat fee terms of the retainer agreement." (Id. ¶ 41.) However, courts in this district typically do not award fees before they are incurred. See, e.g., CIT Bank, N.A. v. Coombes, No. 17 CV 5871, 2019 WL 2516729, at *8 (E.D.N.Y. May 23, 2019), report and recommendation adopted, 2019 WL 2515367 (E.D.N.Y. June 18, 2019); CIT Bank, N.A. v. Ayers, No. 15 CV 7256, 2017 WL 6816486, at *5 (E.D.N.Y. Dec. 5, 2017), report and recommendation adopted, 2018 WL 317840 (E.D.N.Y. Jan. 3, 2018); E. Sav. Bank, FSB v.

---

[3] I calculated this amount as follows to take into account the 2.1 hours Mr. Jacobson billed at a reduced rate: (2.6 hours * $375) + (2.1 hours * $275) = $1,552.50

Rabito, No. 11 CV 2501, 2013 WL 5423786, at *6 n.3 (E.D.N. Y Sept. 26, 2013).  Accordingly, I respectfully recommend denying plaintiff's request for anticipated attorney's fees with leave to renew after such fees are actually incurred.

    B. Costs

Lastly, plaintiff seeks $1,459 in statutory costs and reimbursement of disbursements.  (Monahan Decl. ¶ 48.)  Specifically, it seeks the following: $485 in filing fees, $805 for several services of process, and $168 for the transcript fee.  (Id.)  As the Mortgage provides for the reimbursement of such costs (see Mortgage ¶ 22) and I find that plaintiff has adequately documented them (see Billing Records), I respectfully recommend that the court award plaintiff $1,458 in costs.

### CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's motion for attorney's fees be granted in part and denied in part with plaintiff awarded $19,899 in attorney's fees and $1,458 in costs, for a total of $21,357.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Chen and to my chambers, within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

                                                               Respectfully submitted,

                                                             /s/
                                                     ROBERT M. LEVY
                                                     United States Magistrate Judge

Dated: Brooklyn, New York
       February 22, 2022