UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CIT BANK, N.A.,

                  Plaintiff,

       - against -

EDUARDO TINEO, NEW YORK CITY
DEPARTMENT OF FINANCE PARKING
VIOLATIONS BUREAU, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, and
NEW YORK CITY TRANSIT
ADJUDICATION BUREAU,

                  Defendants.
-------------------------------------------------------x

**JUDGEMENT OF FORECLOSURE & SALE**
17-CV-5119 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On the Complaint duly filed in this action on August 30, 2017, the Notice of Pendency of Action filed with the Kings County Clerk on October 26, 2017, the Successive Notice of Pendency of Action filed with the Kings County Clerk on July 2, 2021 and all papers filed in and proceedings had thereon, and on reading and filing the Declaration in Support of Plaintiff's Motion of Sean K. Monahan, Esq., counsel for Plaintiff, signed July 16, 2021,[1] from which it appears that each of the named defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, or are not indispensable parties to this action, and stating that more than the legally required number of days had elapsed since said defendants were served and/or appeared; and that summary judgment was granted in favor of the Plaintiff; and that the Notice of Pendency containing all the particulars required to be stated therein

---

[1] The Court notes that the declaration contains a typographical error. It is dated July 16, 2018, but the substance of the declaration makes it clear that it was signed on July 16, 2021. (*See* Dkt. 53-1.)

1

was duly filed in the Office of the Clerk of the County of Kings and has not been amended to add new parties or to embrace real property not described in the Complaint;

And, on reading and filing the Declaration of Sean K. Monahan, Esq. signed July 16, 2021 from which it appears that Plaintiff seeks an award of reasonable legal fees and for reimbursement of disbursements incurred, and additional sums would be due to Plaintiff from December 24, 2019 to the conclusion of the action, and on reading and filing the Motion of CIT Bank, N.A. ("Plaintiff"), the Declaration of Sean K. Monahan, Esq. with exhibits annexed thereto, and Plaintiff's Memorandum of Law;

Now, upon proof of due notice of this application upon all parties who have not waived the same, and this matter having regularly come on to be heard, and there being no opposition thereto,

**ON MOTION** of Bronster, LLP, attorneys for Plaintiff, it is

**ORDERED**, that Plaintiff's motion is granted; and it is further

**ORDERED**, that the caption is amended as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,<br><br>                                                      Plaintiff,<br><br>vs.<br><br>EDUARDO TINEO, NEW YORK CITY DEPARTMENT OF FINANCE PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY TRANSIT ADJUDICATION BUREAU,<br><br>                                                      Defendants. | Case No.: 1:17-cv-5119-PKC-RML |
|---|---|

and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 1475 E 84th Street, Brooklyn, New York 11236, and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction in ***the lobby of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201***, on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of ***Elizabeth Gill, Esq., 71 South Central Avenue, Suite 307, Valley Stream, New York 11580***, who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") § 231 in the ***Brooklyn Daily Eagle***, circulated in Kings County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

3

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in her own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on her own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

THIRD: Pursuant to RPAPL §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of $777,052.07, the said amount so reported due as aforesaid, together with interest thereon as of December 24, 2019, the date the interest was calculated to in said Report at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post- judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with ***$ 19,899 awarded to Plaintiff as reasonable legal fees***, together with ***$ 1,458 awarded to Plaintiff as reimbursement for disbursements***, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to

pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as herein before directed in item marked "FOURTH", and file it with her Report of Sale, that she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this

action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;

- any state of facts that an accurate survey of the Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;

- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;

- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;

- any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL §1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that a copy of this Judgment shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 21, 2022
       Brooklyn, New York

## **SCHEDULE A**

### **Legal Description**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Easterly side of 84th Street, distant 31.34 feet Northerly from the corner formed by the intersection of the Easterly side of East 84th Street with the Northerly side of Seaview Avenue;

RUNNING THENCE Easterly parallel with Seaview Avenue and part of the distance through a party wall, 100 feet;

THENCE Northerly parallel with East 84th Street, 20 feet;

THENCE Westerly parallel with Seaview Avenue and part of the distance through a party wall, 100 feet to the Easterly side of East 84th Street, and

THENCE Southerly along the Easterly side of East 84th Street, 20 feet to the point or place of BEGINNING.

Premises:         1475 East 84th Street, Brooklyn, NY 11236
Tax Parcel ID No.:     Block: 8081 Lot: 47